**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KELLY COOK, as Mother and
Next Friend of CHRISTIAN COOK,

      Plaintiff,

v.                                                                       CV No. 16-597 JCH/CG

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CURRY, et al.,

      Defendants.

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** is before the Court on the parties' *Stipulated Motion for Confidentiality Order*, (Doc. 95), filed June 26, 2018. The parties have stipulated and agreed to allow the inspection by the parties of certain records, materials, and information which are not otherwise protected from discovery by the attorney-client privilege or the work product doctrine. The parties state that such production will include certain information that is private and confidential and may contain medical and mental health information, or documents that may be or are subject to the terms of HIPAA, various restrictions on the use of juvenile records, and other privacy laws. The parties further state that disclosure of such information may invade the confidentiality and privacy rights of the parties and of third persons not a party to this lawsuit. The Court **FINDS** that this Confidentiality Order is needed in this action to protect such persons' rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding. The Court hereby enters the following Confidentiality Order protecting the confidentiality of information which is or

may be within the knowledge of the parties and which may be subject to discovery in this lawsuit:

**IT IS THEREFORE ORDERED**:

1. This Order shall govern the use and production and disclosure of the following which may be produced or disclosed during this litigation (hereinafter the "Confidential Material"):

    a. Christian Cook's juvenile records, to include medical and mental health, and educational records.

    b. Curry County Detention Center records consisting of any internal investigation records located within personnel files of involved officers.

    c. Curry County personnel files.

    d. Any document containing reference to any non-party detainee.

    e. Any other record that is released pursuant to a signed release by any party to this lawsuit.

    f. Any document designated as confidential by the parties.

    g. Trade secrets or other confidential research, development, or commercial information.

2. Materials will be expressly identified as "CONFIDENTIAL" by the party making the disclosure of such material, provided this designation is expressly made by notation on the material itself or in a letter accompanying the material.

3. Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit, and may be disclosed only to parties, counsel of record, their staff, and retained experts.

4. Confidential Material may be disclosed to deponents during the course of their deposition. The attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge Confidential Material to any other person. Further, with respect to deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of the transcript deemed confidential shall be disclosed to any person except the deponent, the parties, their attorneys of record, and expert witnesses.

5. Confidential Information which a party wishes to bring to the Court's attention shall be filed with the Court under the designation "Accessible by all case participants but not the public".

6. Confidential Material may be admitted as an exhibit at the trial or used for impeachment or other purposes should the Court rule that the information is relevant and admissible in this matter subject to the rules of evidence, and if so admitted, shall no longer remain Confidential unless otherwise ordered by the Court.

7. Nothing in this Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to this Order.

8. After the completion of the proceedings in this matter and any subsequent appeals, any and all copies of Plaintiff's and Defendants' Confidential Material previously made available to the opposing parties and their experts shall be kept confidential and or destroyed.

9. In the event a party challenges the labeling of any document or materials as confidential, the party asserting confidentiality has the obligation to move the Court for a protective order concerning the confidentiality of that document or materials.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE


SUBMITTED BY:

Matthew E. Coyte
3800 Osuna Road, N.E., Suite 2
Albuquerque, NM  87109
(505) 244-3030
mcoyte@me.com
*Attorney for Plaintiff*


NEW MEXICO ASSOCIATION OF COUNTIES

By:   Brandon Huss
      Mark Drebing
      111 Lomas Blvd., N.W., Suite 424
      Albuquerque, NM 87102
      (505) 820-8116
      mdrebing@nmcounties.org
      bhuss@nmcounties.org
      *Attorneys for Defendant Board of County*
      *Commissioners for the County of Curry*

BRENNAN & SULLIVAN, P.A.

By: James P. Sullivan
128 East DeVargas
Santa Fe, NM 87505
(505) 995-8514
Jamie@brennsull.com
*Attorneys for Defendants Tori Sandoval and Sandra Martin*


PARK & ASSOCIATES, LLC


By: Geoffrey D. White
Alfred A. Park
3840 Masthead St., N.E.
Albuquerque, NM 87109
(505) 246-2805
gwhite@parklawnm.com
apark@parklawnm.com
*Attorneys for Defendants Correctional Healthcare Companies, Inc., Correct Care Solutions, LLC, and Joan Martin*